UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE HUBBARD, #141527,

      Plaintiff,                      CIVIL ACTION NO. 10-14390

      v.                           DISTRICT JUDGE LAWRENCE P. ZATKOFF

PRISON HEALTH SERVICES,      MAGISTRATE JUDGE MARK A. RANDON
SERVICES, INC., MICHIGAN
DEPARTMENT OF CORRECTIONS,
WARDEN OLSON, RUM LALONDE,
RUM LEMON, RUM MANSFIELD,
DEPUTY WARDEN MacLAREN,
CAPTAIN ANDRZEJAK, IAN
MCDONALD, NURSE WILSON,
GREG McQUIGGIN, and BROWN,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON MDOC DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DKT. NO. 40) AND ON
DEFENDANT PHS'S MOTION TO DISMISS (DKT. NO. 44)**

Plaintiff Benny Hubbard ("Plaintiff"), a prisoner proceeding *pro se*, filed a 42-page civil rights complaint under 42 U.S.C. § 1983 against numerous Defendants, alleging constitutional violations relating to the conditions of his confinement and to his lack of adequate medical care.

Presently before the Court are Defendants Kathy Olson, David LaLonde, Gregory McQuiggin, Duncan MacLaren, Ian McDonald, Donald Mansfield, John Andrzejak and Michael Brown (collectively the "MDOC Defendants") motion for summary judgment (Dkt. No. 40) and Defendant Prison Health Services, Inc.'s ("Defendant PHS") motion to dismiss (Dkt. No. 44).

For the reasons set forth below, it is **RECOMMENDED** that the MDOC Defendants' motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART** and that Defendant PHS's motion to dismiss be **DENIED**.

### I.  FACTUAL BACKGROUND

On or about November 2, 2010, Plaintiff filed suit challenging the conditions of his confinement and alleging various claims of deliberate indifference to his serious medical needs. As previously noted, there are two motions presently before the Court, brought by two separate sets of Defendants. Plaintiff's allegations against each set of Defendants are as follows:

#### A.  *The MDOC Defendants*

At all times giving rise to the allegations in his Complaint, Plaintiff was incarcerated at the Kinross Correctional Facility (KCF) or at the Chippewa Correctional Facility (URF). The MDOC Defendants are KCF Assistant Deputy Warden (ADW) Kathy Olson and Resident Unit Manager (RUM) David LaLonde and URF Warden Gregory McQuiggin, Deputy Warden (DW) Duncan MacLaren, Inspector Ian McDonald, RUM Donald Mansfield, Captain John Andrzejak and Lieutenant Michael Brown. Plaintiff's Complaint alleges, *inter alia*, that KCF ADW Olson and RUM LaLonde denied his request for protective segregation and increased his security level, resulting in his transfer to URF (Dkt. No. 1; Compl., p. 1). Plaintiff alleges that, while incarcerated at URF, RUM Mansfield, as part of a Security Classification Committee, ordered that he be transferred (*Id.,* p. 2). Despite this, Plaintiff alleges that DW MacLaren and Captain Andrzejak had him housed back in the same housing unit with an inmate that had previously assaulted him (*Id*.). Plaintiff alleges that Inspector McDonald refused to investigate a December 28, 2007 assault against him, wrote a retaliatory major misconduct report, and did not adequately

investigate his June 2008 request for protection or an October 28, 2009 incident in which Plaintiff's leg was broken (*Id*., p. 1).

Plaintiff alleges that Warden McQuiggin failed to personally investigate the incident in which he suffered a broken leg and failed to take steps to repair a broken mirror in health services (*Id.,* p. 3). Finally, Plaintiff alleges that Lieutenant Brown provided inaccurate information regarding a witness questionnaire concerning major misconducts for fighting and assault and battery (*Id.,* p. 4). Plaintiff sues all the MDOC Defendants in their official and individual capacities.

### B. *Defendant PHS*

Plaintiff's claims against Defendant PHS relate to an alleged improper treatment of an ankle injury that Plaintiff suffered in October 2009 (Dkt. No. 1, Compl., p. 14-15, CM/ECF pagination). First, Plaintiff alleges that he did not receive the surgery on his ankle until November 12, 2009, fifteen days after the date it was determined he needed surgery (*Id*., p. 14). Plaintiff states that this delay was due to his surgeon, Dr. Woolever, and PHS bickering over costs (*Id*., p. 14). Next, Plaintiff alleges that someone failed to provide him with medication for the pain he suffered between the surgery and April of 2010 (*Id*., p. 13, 14). Third, Plaintiff complains that from January 2010 through April 2010, he was ineffectively treated with antibiotics for infections to his surgical wound, instead of being scheduled for a consultation with the orthopedist for removal of the hardware implanted in his ankle (*Id*., p. 12, 13, 15).

Plaintiff's claim against Defendant PHS appears to be based on an allegation that he received substandard care for "nonmedical reasons." Plaintiff asserts that he received deficient care based on cost or financial reasons (*Id*., pp. 15, 16). Specifically, Plaintiff states: "Prison

health care provider persisted in the ineffective treatment to avoid the cost of sending me back to the surgeon and did so most likely at the behest of one or more of his superiors. PHS and MDOC put their financial interests ahead of my health and welfare" (*Id*., p. 15).

## II. ANALYSIS

### A. *Standard for Motions to Dismiss*

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. Under Fed. R. of Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *See Iqbal*. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately,

"[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. *Standard for Motions for Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### C. *The MDOC Defendants' Motion For Summary Judgment*

The MDOC Defendants raise three arguments in support of their motion for summary judgment: (1) that Plaintiff failed to exhaust his administrative remedies; (2) that Plaintiff does not adequately allege that Warden McQuiggen was personally involved in any unconstitutional conduct; and (3) that Plaintiff's claims against the MDOC Defendants in their official capacity are barred by the Eleventh Amendment. Each argument is discussed below:

#### 1. Exhaustion

The Michigan Attorney General previously argued that Plaintiff failed to exhaust his administrative remedies in a motion to dismiss filed on behalf of Defendant Nurse Practitioner Wilson (Dkt. No. 12). The Attorney General now raises a virtually identical argument on behalf of the MDOC Defendants. The undersigned recommended that Defendant Wilson's argument that Plaintiff failed to exhaust his administrative remedies was not well-taken (Dkt. No. 49) and that Defendant Wilson's motion to dismiss should be denied. The Attorney General, on behalf of Defendant Wilson, did not object to this recommended disposition, and the Court adopted (Dkt. No. 53) the undersigned's recommendation as its own finding and conclusion. The same finding and conclusion is equally applicable to the MDOC Defendants, and their argument that Plaintiff failed to exhaust his administrative remedies is not well-taken. As such, the MDOC Defendants' motion for summary judgment should be denied as to the argument that Plaintiff failed to exhaust his administrative remedies.

#### 2. Defendant McQuiggen

In this case, Plaintiff is suing Defendant McQuiggin based on his title of warden. Plaintiff's Complaint alleges that Defendant McQuiggin "gave indemnification to the

actions of his staff by not conducting a personal interview" (Dkt. No. 1; Compl. at 3). Plaintiff has not made any factual allegations showing Defendant McQuiggin's personal involvement in the complained-of acts.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *See Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009). Plaintiff has failed to allege that Defendant McQuiggin was personally engaged in any active unconstitutional behavior. Because Plaintiff has failed to allege personal involvement sufficient to impose liability under § 1983, Defendant McQuiggin is entitled to dismissal.

### 3. Eleventh Amendment Immunity

Plaintiff sued the MDOC Defendants in their official and individual capacities. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."

*Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). Thus, "a suit for monetary damages against an individual in his or her official capacity is deemed to be an action against the state." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). The Eleventh Amendment bars civil rights actions for money damages under § 1983 against state employees sued in their official capacities. *Id.* To the extent Plaintiff seeks monetary damages from the MDOC Defendants for violations of § 1983 which occurred while these Defendants were acting in their official capacities, those claims are barred by the Eleventh Amendment and should be dismissed from this lawsuit.

### D. *Defendant PHS's Motion To Dismiss*

Defendant PHS argues it its motion to dismiss that Plaintiff has not stated a claim alleging that a custom, policy or procedure of Defendant PHS violated Plaintiff's constitutional rights. It is well-settled that Defendant PHS is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against Defendant PHS, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a PHS policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Defendant PHS had notice or constructive notice of such; (3) that Defendant PHS tacitly

approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction;" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff's claim against Defendant PHS appears to be based upon a policy or practice of choosing cost savings over medical care. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must construe the complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court may not dismiss the complaint simply because it disbelieves the Complaint's factual allegations. *Conley*, 355 U.S. at 47.

Here, considering that Plaintiff's *pro se* complaint is held to a less stringent standard than complaints drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Defendant PHS is not entitled to dismissal on the basis that Plaintiff has failed to state a claim. Plaintiff's claim against Defendant PHS appears to be based upon a policy or practice of choosing cost savings over medical care (Dkt. No. 1; Compl., p. 14-16) and federal district courts in Michigan have expressly found identifying such a policy is sufficient. *See, e.g., Davis v. Caruso*, No. 07-11740, 2009 WL 877964, * 14 (E.D. Mich. March 30, 2009) (Hood, J.) (denying CMS's motion to dismiss where the plaintiff alleged that CMS had a policy of denying care in order to save costs); *Holmes v. Overton*, No. 5:03-CV-88, 2006 WL 2795459, *5 (W.D. Mich. Sept. 27, 2006) (Edgar, J. adopting and accepting report and recommendation of Greeley, M.J., "because plaintiff has shown that there was a policy that gave economic incentive to deny medical care, a question

of fact exists in this case whether CMS should be liable"). Whether Plaintiff will be able to prove his allegations against Defendant PHS after discovery remains to be seen. However, at this point in the litigation, the Court must accept Plaintiff's allegations as true, and I find that Plaintiff has stated a valid claim against Defendant PHS, and that Defendant PHS's motion to dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the MDOC Defendant's motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART** and that Defendant PHS's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  October 28, 2011

*Certificate of Service*

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 28, 2011, by electronic and/or first class U.S. mail.

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*